## JIM JENKINS v. THE STATE.

### No. 6652.    Decided June 26.

1. **Penalty—Ameliorated Punishment.**—Article 15 of the Penal Code provides. that when the punishment for an offense is ameliorated by statute subsequent to its commission, the defendant, upon conviction, must be punished according to the latter enactment, unless he elect to receive the penalty affixed by the former law. But the rule does not apply to cases tried before the ameliorating act has become an effective. law.

2. **Same—Unlawfully Carrying a Pistol.**—The penalty for unlawfully carrying a pistol as provided by article 318 of the Penal Code, was both fine and imprisonment. By the act amending the said article, approved January 30, 1889, the penalty was so changed as to leave imprisonment to the option of the jury. This amendatory act was not passed under an "emergency clause," and therefore could take effect only upon the "expiration of ninety days after the adjournment of the session of the Legislature at which it was enacted." That session of the Legislature adjourned on the 6th day of April, 1889, and hence the said amendatory act was not in force when this case was tried on the 6th day of May, 1889.

3. **Same.—Charge of the Court** which incorrectly instructs the jury as to the penalty, although accruing to the benefit of the accused, constitutes fundamental error for which the conviction will be set aside. This offense was committed September 22, 1888, when the penalty for unlawfully carrying a pistol was both fine and imprisonment. The trial was had May 6, 1889, after the passage of the amendatory act but before it took effect. On the trial the court instructed the jury that they could or not, in their option, assess imprisonment as a part of the penalty; to which charge the defendant excepted. *Held*, that the charge constituted fundamental error.

APPEAL from the County Court of Llano. Tried below before Hon. W. S. Maxwell, County Judge.

The opinion states the case. A fine of twenty-five dollars was the penalty assessed.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This appeal is from a conviction for unlawfully carrying a pistol, the offense having been committed on the 22d day of September, 1888, and the trial and judgment being had on the 6th of May, 1889. The verdict and judgment simply impose a fine of twenty-five dollars. Under article 318 of the Penal Code, the punishment assessed for this offense is "by fine of not less than twenty-five nor more than two hundred dollars, *and the accused shall be confined in the county jail not less than twenty nor more than sixty days.*" Imprisonment under this. statute is a necessary part of the punishment. But the learned trial judge instructed the jury that "the imprisonment of the defendant in the county jail is discretionary with the jury, and you may or may not. imprison as you think proper." This instruction was evidently based

upon a change in the law made by the act amending article 318, approved January 30, 1889 (Gen. Laws, 21st Leg., p. 33), by which the punishment for unlawfully carrying. arms may be *by fine or imprisonment, or both.* But this act did not take effect from and after its passage under an emergency clause, and therefore would only go into effect and become operative "ninety days after the adjournment of the session of the Legislature at which it was enacted." Const., art. 3, sec. 39. The Twenty-first Legislature adjourned on the 6th day of April, 1889, and the act would and will not go into operation for some time yet to come; it is not at this time in force. The rule with regard to ameliorated punishments—that is, that when the punishment for an offense is ameliorated by statute subsequent to its commission, the defendant upon conviction must be punished according to the latter enactment unless he elect to receive the penalty affixed by the former law (Penal Code, art. 15; Willson's Crim. Stats., sec. 41)—does not and can not apply where the ameliorating act has not yet become an effective law at the time of the trial. The accused had no right to claim such amelioration because it was not the law, and not being the law, the court had no authority to charge it as part of the law of the case. The instruction was specially excepted to by the defendant, though in his interest. A charge must set forth distinctly the law applicable to the case. "If the charge incorrectly instructs as to the penalty of the offense it is fundamental error for which the conviction will be set aside, although it may be an error accruing to the benefit of the defendant." Willson's Crim. Stats., sec. 2348.

For error in the charge as to the penalty of the offense the judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.